IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AJAY JEYARAMAN,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL INC.,
CHIPOTLE SERVICES, INC., and CHIPOTLE
MEXICAN GRILL OF COLORADO, LLC,

    Defendants,

Case No:  1:22-cv-647

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 ON THE BASIS OF DIVERSITY

Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC and Chipotle Mexican Grill of Colorado, LLC ("Chipotle") remove this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity. As grounds for the relief requested herein, Chipotle states as follows:

### PROCEDURAL HISTORY

1. Plaintiff Ajay Jeyaraman ("Plaintiff") initiated this action on July 26, 2022, by filing his Complaint for Personal Injuries in the Second Judicial District Court, State of New Mexico against Chipotle ("Complaint"). *See* Exhibit A: Complaint.

2. Service of Plaintiff's Complaint was accepted by Chipotle's New Mexico registered agent, Corporation Service Company, on August 3, 2022.

3. Chipotle's Answer to Plaintiff's Complaint is due September 2, 2022.

### GROUNDS FOR REMOVAL

4. A defendant may remove any civil action brought in a state court for which the District Courts of the United States have original jurisdiction to the federal district court

encompassing the place in which the action is pending. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this case by reason of diversity of citizenship and the amount in controversy, which exceeds $75,000, exclusive of interests and costs.

**COMPLETE DIVERSITY OF CITIZENSHIP IS PRESENT**

5. As of the date of this Notice of Removal, there exists complete diversity of citizenship between Plaintiff and Chipotle.

6. Plaintiff alleges in his Complaint that he is a resident of Sandoval County, New Mexico. *See* Exhibit A: Complaint, at ¶ 1.

7. Chipotle Mexican Grill, Inc. is a Delaware corporation organized and existing under the laws of the State of Delaware with an office and its principal place of business at 610 Newport Center Drive, Suite 1400, Newport Beach, California 92660. *See* Exhibit B: State of Colorado Corporation Entity Search for Chipotle Mexican Grill, Inc.

8. Chipotle Services, LLC[1] is a Colorado limited liability company organized and existing under the laws of the State of Colorado. Its principal place of business is 610 Newport Center Drive, Suite 1400, Newport Beach, California 92660. Its sole member, Chipotle Mexican Grill, Inc., as noted above, is a Delaware Corporation, with an office and its principal place of business at 610 Newport Center Drive, Suite 1400, Newport Beach, California 92660. *See* Exhibit C: State of Colorado Corporation Entity Search for Chipotle Services, LLC.

9. Chipotle Mexican Grill of Colorado, LLC, is a Colorado corporation organized and existing under the laws of the State of Colorado. Its principal place of business is 610 Newport Center Drive, Suite 1400, Newport Beach, California 92660. Its sole member, Chipotle Mexican Grill, Inc., as noted above, is a Delaware Corporation, with an office and its principal place of

---

[1] Chipotle Services, LLC is incorrectly named in Plaintiff's Complaint as Chipotle Services, Inc.

business at 610 Newport Center Drive, Suite 1400, Newport Beach, California 92660. *See* Exhibit D: State of Colorado Corporation Entity Search for Chipotle Mexican Grill of Colorado, LLC.

## CHIPOTLE'S NOTICE OF REMOVAL IS TIMELY

10. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1). In cases where federal jurisdiction is based on the diversity of the parties' citizenship. The notice of removal must be filed within one year of the initiation of the action. *See* 28 U.S.C. § 1446(c)(1)). Service of Plaintiff's Complaint was accepted by Chipotle's New Mexico registered agent, Corporation Service Company, on August 3, 2022. Chipotle's removal is therefore timely because it has filed this Notice of Removal within thirty days of being served with Plaintiff's Complaint, the first pleading in this matter to name Chipotle as a defendant, and within one year of when this action was initiated.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11.  The amount-in-controversy requirement is an "estimate of the amount that will be put at issue in the course of litigation." *See Valdez v. Metro. Prop. & Cas. Ins.*, 867 F. Supp. 2d 1143, 1178 (D.N.M. 2012) (No. CIV 11-0507 JB/KBM) (*citing McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Chipotle must "affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it possible" that more than $75,000 is in controversy. *McPhail*, 529 F.3d at 956. It is only the jurisdictional facts that must be proven by a preponderance of the evidence – not the legal conclusion that the statutory threshold amount is in controversy. *Id.* at 955.

> The proponent of federal jurisdiction must prove contested *facts*; and because a defendant has no control over the complaint, he cannot put a large sum of money

3

> in controversy simply by demanding it, as a plaintiff often can. But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. If the amount if uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case…

*Id.* at 954. The *McPhail* Court relied on the Seventh Circuit's decision in *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006) for clarification of the removing defendant's burden to establish the amount of controversy.

> …the Seventh Circuit has clarified this jurisprudential mess, explaining the proper role of the "preponderance of the evidence" standard, and how defendants may have a chance at satisfying it…
>
> …the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done--by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant). Once the estimate has been made – and contested factual allegations that support the estimate have been established in a hearing under Rule 12(b)(1) by admissible evidence . . . then the *St. Paul Mercury* standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.

*Id.* at 955 (citation omitted).

12. A complaint that "presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. *Mcphail*, 529 F.3d at 955-56. The *McPhail* Court also cited to *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 295 (5th Cir. 1999) for the types of facts and theories of recovery that could support removal.

> For example, the Fifth Circuit has upheld removal based on a complaint seeking recovery in tort for "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization." Luckett, 171 F.3d at 298. The court made this determination by "[r]eading the face of the

4

complaint" even though it did "not specific the numerical value of the damage claim." *Id.*

*Id.* at 955-56.

13.  Documentation beyond the complaint itself can provide the basis for determining the amount in controversy – "either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." *McPhail*, 529 F.3d at 956 (citation omitted); *see also Hernandez v. Chevron U.S.A., Inc.*, 347 F.Supp. 3d 921, 947-48, 2018 WL 4188458, at *12 (D.N.M. 2018, No. CIV 17-1083 JB/GBW).

14.  Documents demonstrating a plaintiff's own estimate of the claim's value are a proper means of supporting the allegations in the notice of removal. *McPhail*, 529 F.3d at 956 (explaining that it is permissible for a district court to consider settlement offers when deciding the jurisdictional question, even though settlement offers cannot be used to support the ultimate amount of liability at trial). The *McPhail* Court considered emails and letters incorporated with defendant's notice of removal that showed defense counsel had a conversation with plaintiff's counsel that included a discussion of the value of the claim. *Id.* at 956-57.

15.  Here, the jurisdictional amount in controversy is satisfied by Plaintiff's own allegations in his Complaint. Plaintiff alleges in part that he:

(a) Swallowed a one-inch piece of wire after eating at the Chipotle Mexican Grill located at 3400 NM 528 NW, Suite B, in Albuquerque, New Mexico. *See* Exhibit A: Complaint, at ¶¶ 5, 14-15;

(b)  As a result of this incident he underwent surgery to remove an approximate one inch thin piece of metal wire from his esophagus which appeared to perforate the left neck soft tissues and caused esophageal perforation. *Id.* at ¶ 14;

   (c) As a result of this incident, he has suffered in part loss of enjoyment of life severe personal, emotional and psychological injuries; pain and suffering; diminished capacity to eat; lost wages; punitive damages and other damages to be determined by a jury. *Id*. at ¶ 21.

16. Thus Plaintiff has indicated in writing that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## CHIPOTLE HAS COMPLIED WITH ALL REMOVAL PROCEDURES

17. Chipotle has complied with the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, in accordance with 28 U.S.C. § 1446(b)(1), the notice of removal was timely filed within 30 days of service of Plaintiff's Complaint on Chipotle's registered agent in New Mexico.

18. The United States District Court for the District of New Mexico encompasses the Second Judicial District Court, Bernalillo County, New Mexico, the county in which the state court action is now pending. This is the proper venue to which to remove this action pursuant to 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Chipotle will provide written notice of this Removal to Plaintiff and file a copy of this Notice with the clerk of the State Court of the Second Judicial District Court, Bernalillo County, New Mexico.

20. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446(a).

21. Chipotle will submit copies of the records and proceedings from the state court action within twenty-eight (28) days of the filing of this Notice of Removal as required by D.N.M. LR-CIV 81-1(a).

WHEREFORE, Defendants Chipotle Mexican Grill, Inc., Chipotle Services, LLC and Chipotle Mexican Grill of Colorado, LLC pray that the above-entitled action be removed from the State of New Mexico Second Judicial District Court to this Court.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: /s/ *Erin L. Chavez*
Jill M. Collins
Erin L. Chavez
*Attorneys for Chipotle Mexican Grill, Inc., Chipotle Services, LLC and Chipotle Mexican Grill of Colorado LLC*
8801 Horizon Blvd., Suite 300
Albuquerque, NM 87113
Phone: 505-828-3600
Fax: 505-828-3900
jill.collins@lewisbrisbois.com
erin.chavez@lewisbrisbois.com

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing *Notice of Removal* was filed via the CM/ECF filing system on this 1st day of September, 2022 and a courtesy copy was provided to all counsel of record:

Aaron J. Pinon
Sanchez & Pinon
541 Quantum Rd. NE
Rio Rancho, NM  87124
(505) 338-0209
apinon@sanchezandpinon.com

/s/ *Erin L. Chavez*
Erin L. Chavez