FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
7/26/2022 3:53 PM
CLERK OF THE COURT
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

AJAY JEYARAMAN

    Plaintiff,

v.                                           Case No.  D-202-CV-2022-04127

CHIPOTLE MEXICAN GRILL, INC.,
CHIPOTOLE SERVICES, INC.,
CHIPOTLE MEXICAN GRILL OF COLORADO, LLC

    Defendants.

## PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

Plaintiff, Ajay Jeyaraman, by and through his counsel of record, SANCHEZ & PIÑON (Aaron Piñon) hereby bring this Complaint against the Defendants, and in support state as follows:

### PARTIES, JURISDITION AND VENUE

1. Plaintiff Ajay Jeyaraman, hereinafter referred to as "Plaintiff," is a resident of the City of Rio Rancho, Sandoval County, New Mexico.

2. On information and belief, Defendant Chipotle Mexican Grill, Inc., is a foreign profit corporation located at 610 Newport Center Drive, Suite 1300, Newport Beach, California 92660 and was/is acting jointly and in concert, and is and was, at all times material to this action, the property owners, tenants, organizers, managers and/or operators of the premises located at 3400 NM 528 NW, Suite B, in Albuquerque, New Mexico on November 19, 2021.

3. On information and belief, Chipotle Services, LLC is a foreign limited liability company located at 1401 Wynkoop Street, Suite 500, in Denver, Colorado and was/is acting

1

**EXHIBIT A**

jointly and in concert, and is and was, at all times material to this action, the property owners, tenants, organizers, managers and/or operators of the premises located at 3400 NM 528 NW, Suite B, in Albuquerque, New Mexico on November 19, 2021.

4. On information and belief, Chipotle Mexico Grill of Colorado, LLC, is a foreign limited liability company located at 726 East Michigan Drive, Suite 101, in Hobbs, New Mexico 88240 and was/is acting jointly and in concert, and is and was, at all times material to this action, the property owners, tenants, organizers, managers and/or operators of the premises located at 3400 NM 528 NW, Suite B, in Albuquerque, New Mexico on November 19, 2021.

5. This Complaint and the allegations contained herein arise from an incident that occurred at on November 19, 2021, when Plaintiff sustained injuries after ingesting a foreign object that was in the food that he purchased at the Chipotle Mexican Grill located at 3400 NM 528 NW, Suite B, in Albuquerque, New Mexico.

6. This Court has jurisdiction of the parties and subject matter herein.

7. Venue is proper before this Court.

## GENERAL ALLEGATIONS

8. Plaintiff reasserts the allegations contained in Paragraphs 1 through 7 as though fully set forth herein.

9. On November 19, 2021, Plaintiff placed an order for a burrito bowl and chips and guacamole at the Chipotle Mexican Grill.

10. Plaintiff had been a patron of Chipotle Mexican Grill, located at 3400 NM 528 NW, Suite B, in Albuquerque, New Mexico on at least 10-20 occasions prior to this accident.

11.     Plaintiff paid for his burrito bowl and left Defendants' establishment then ate the burrito bowl for lunch.

12.     Plaintiff ate approximately half of the burrito bowl.

13.     Approximately two hours after consuming the food he bought from Defendants, Plaintiff presented to an urgent care facility with what felt like something sharp on the left side of his throat after eating lunch and it was noted that he felt a sudden sharp pain while eating.

14.     On November 23, 2021 Plaintiff underwent surgery to remove an approximate one inch thin piece of metal wire from his esophagus which appeared to perforate the left neck soft tissues and caused a esophageal perforation.

15.     Plaintiff had unknowingly ingested an approximately one-inch thin piece of metal wire which was in the food he purchased from Chiptole Mexican Grill.

16.     Prior to this incident date, Defendants were aware of previous similar incidents wherein a piece of metal in the food was ingested by a customer.

17.     As a result of the ingesting a thin piece of an approximate one-inch piece of metal wire, Plaintiff suffered physical, psychological and emotional damages, lost wages, punitive damages and other damages in an amount to be proven at trial.

## COUNT I
### (STRICT LIABILITY IN TORT)

18.     Plaintiff reasserts the allegations contained in Paragraphs 1 through 17 as though fully set forth herein.

19.     Plaintiff consumed food from Chiptole Mexican Grill, which was intend for human consumption, and Defendant knew that the food was to be consumed without inspection for defects.

20.     The food consumed by Plaintiff on November 19, 2021, at the time it was eaten by Plaintiff, was unfit for human consumption, defective and unreasonably dangerous, because it had been contaminated with a foreign matter that was present in the food prepared or stored and served at Chiptole Mexican Grill.

21.     As a direct and proximate result of consuming the defective and unreasonably dangerous food, Plaintiff suffered severe personal injury and psychological and emotional injuries, including but not limited to:

    a.  the reasonable expense of medical care treatment and service;

    b.  diminished capacity to eat;

    c.  loss of enjoyment of life;

    d.  emotional and psychological distress; and,

    e.  pain and suffering;

    f.  lost wages;

    g.  punitive damages;

    h.  other damages determined by a trier of fact.

## COUNT II
## (NEGLIGENCE)

22.     Plaintiff reasserts the allegations contained in Paragraphs 1 through 21 as though fully set forth herein.

23.     Defendant had a duty to exercise reasonable care in handling and in preparation of its food, intended for human consumption.

24.     Defendants had a duty to use reasonable care to keep its premises and its storage and cooking of food in a clean and hygienic condition and free from foreign materials.

4

25.     Defendants had a duty to properly train its employees in the safe handling, preparation, cooking and storage of food and equipment use, in the proper cleaning and disinfection of the premises, and in proper personal hygiene in handling food and food product.

26.     Defendants had a duty to take reasonable precautions to prevent the contamination of food by foreign objects and ultimately prevent serving food to customers such as Plaintiff with a metal wire that is unwholesome or dangerous to human health.

27.     Defendants owed a duty to follow the standards of care in the regulations which govern food service establishments in the State of New Mexico.

28.     The acts of negligence of Defendants include, but are not necessarily limited to:

   a.   poor and inadequate staff training;
   b.   poor and improper food handling in the kitchen;
   c.   improper hygienic facilities in the kitchen;
   d.   improper equipment inspection and maintenance in the kitchen and restaurant;
   e.   contaminated or defective equipment;
   f.   improper ventilation and lighting;
   g.   failure to follow the mandate of the regulations governing the food service industry to prevent the distribution of contaminated food or food products to the consuming public.

29.     As a direct and proximate result of Defendants' breach of its duties owed to Plaintiff, Plaintiff suffered damages to be proven at time of trial.

**PUNITIVE DAMAGES**

30.     Plaintiff reasserts the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31.      Defendant Chipotle Mexican Grill's acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages for Plaintiff.

32.     The actions Defendants individually and/or jointly, were motivated by profit over safety and as such he Defendants, and each of them individually and/or jointly, showed a reckless or conscious disregard for the safety of others, including Plaintiff so as to warrant the imposition of punitive and exemplary damages.

33.     The acts and omissions of Defendants were willful wanton and with reckless disregard for the safety of Plaintiff.

34.     Defendants, individually and collectively, acted in such a manner as to show a complete disregard for the safety and welfare of Plaintiffs and other customers.

35.     The imposition of punitive damages is appropriate under the circumstances surrounds the incidents, which serve as the basis of this Complaint, and will serve to punish and deter future conduct such as that which led to the incident.

**WHEREFORE**, Plaintiff prays this Court find for him and against Defendants each of them, in amounts to be awarded by the jury to be just and reasonable, for pe and post judgment interest, for costs, and for all other appropriate relief as requested by Plaintiff at the jury trial of this matter.

Respectfully submitted,

SANCHEZ & PIÑON

/s/*Aaron J. Pinon*
Aaron J. Piñon
*Attorneys for Plaintiff*
541 Quantum Rd.
Rio Rancho, NM 87124
(505) 338-0209