**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

AJAY JEYERAMAN,

     Plaintiff,

v.                                                              No. 1:22-cv-0647 LF/DLM

CHIPOTLE MEXICAN GRILL INC.,
CHIPOTLE SERVICES, INC., and CHIPOTLE
MEXICAN GRILL OF COLORADO, LLC,

     Defendants.

## MEMORANDUM OPINION AND ORDER

     This is a personal injury lawsuit for injuries Plaintiff Ajay Jeyaraman received when he ingested a one-inch piece of wire that he alleges was in food he bought from a Chipotle restaurant in Albuquerque in November 2021. Discovery began on October 25, 2022.[1] 455 days, a combined two depositions conducted by the parties, and three extensions to the Scheduling Order later, Plaintiff now moves to reopen discovery to depose two Chipotle employees. Having considered the relevant law and the parties' arguments through their briefs and at the March 6, 2024 motion hearing, the Court finds Plaintiff has not shown good cause to reopen discovery and will deny the motion for the reasons outlined below.

## I.      Relevant Background

     Plaintiff initiated this lawsuit in the Second Judicial District Court in Bernalillo County, New Mexico on July 26, 2022. (Doc. 1-A.) Defendants removed the matter to this Court on September 1, 2022. (Doc. 1.) The Court entered the Initial Scheduling Order on September 27,

---

[1] This is the date the parties' counsel had their Rule 26(f) meet and confer. Under Rule 26(d), discovery may commence once the meet and confer has occurred.

2022, and the parties submitted a Joint Status Report on November 8, 2022. (Docs. 13; 15.) Pursuant to Federal Rule of Civil Procedure 26(a)(1), the parties exchanged initial disclosures on November 15, 2022. (*See id.* at 4; *see also* Docs. 16–17.) Both parties listed in the Joint Status Report, as potential witnesses, Defendants' "[c]urrent and former employees, custodians, and other representatives . . . ." (Doc. 15. at 5–6.) Neither party included the names or addresses of these witnesses, but rather listed them "care of" defense counsel's firm. (*See id.*)

The Court entered the original Scheduling Order in this matter on November 29, 2022, and set discovery to end on May 30, 2023. (Doc. 18 at 2.) Counsel for Plaintiff, Aaron Piñon, confirmed at the March 6, 2024 hearing on this motion that he did nothing to obtain information about the Chipotle employees before he sent paper discovery on March 31, 2023. (*See* Docs. 26; 65 at 2.)

On May 2, 2023, the Court held a status conference during which Piñon stated that the parties "need[ed] an extension for depositions." (*See* Doc. 29.) The "Court note[d] that Plaintiff ha[d] not done any paper discovery, other than initial disclosures, for the past five months." (*Id.*) The Court directed the parties to file a joint motion to extend with proposed deadlines. (*Id.*) The parties filed a joint motion and asked for a 60-day extension to discovery deadlines. (Doc. 28.) The Court granted the motion, setting discovery to end on July 31, 2023, and similarly extending other pretrial deadlines. (Doc. 31 at 2.)

Defendants served objections and answers to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission on May 15, 2023. (*See* Docs. 32; 63-1 at 2.)[2] In Interrogatory No. 7, Plaintiff requested a list of names, addresses, and job titles for all employees who worked at the Chipotle restaurant on the date of the incident from opening through

---

[2] At the time the objections and answers were served, the Defendants were represented by different counsel.

4:00p.m. (*See* Doc. 63-1 at 6.) In Request for Production (RFP) No. 2, Plaintiff requested "copies of employment records sufficient to identify those working" on the date of the incident from opening through 4:00p.m. (*Id.* at 9.) Defendants responded in part to these two requests and listed the names, job titles, and first date of employment for individuals who were scheduled to work on the date of the incident. (*Id.* at 6–7.)

Piñon sent a draft motion to compel to defense counsel, and in response, Defendants agreed to produce the requested information about the employees but asked for a protective order. (*See* Docs. 34; 65 at 1, 3.) Plaintiff did not agree with the proposed protective order. (*See* Doc. 35.) The Court set a hearing on Defendants' motion for protective order. (Doc. 40.) Jill Ormond entered an appearance for Defendants, replacing previous counsel, and filed a Joint Motion to Stay the Hearing on Chipotle's Motion for Protective Order, stating that the parties were discussing a resolution to the issue. (*See* Doc. 41.) Piñon agreed at the hearing on this matter that when Ormond entered the case, he believed the relationship was amicable and the parties would work out a resolution to Plaintiff's request for identifying information. (*See* Doc. 65 at 2.) As a result, Piñon did not file a motion to compel the information. (*See id.*)

On August 2, 2023, the Court held a status conference. (Doc. 45.) Noting that discovery had closed, the Court asked whether the parties were ready to set a settlement conference. (*See id.*) Ormond stated that Defendants needed time for additional discovery to perform testing on the wire.[3] (*Id.*) Piñon, however, did not bring to the Court's attention any deficiencies in Defendant's discovery responses. (*Id.*) The Court found good cause to reopen discovery and extended deadlines

---

[3] Ormond stated at the hearing on this matter that Plaintiff was previously unwilling to share the wire for testing. (*See* Doc. 65 at 3.)

by approximately 90 days, setting discovery to end on October 20, 2023. (Doc. 46.) The Court also set a settlement conference for November 20, 2023. (Doc. 47.)

The Court held a status conference on October 11, 2023, to inquire whether the parties would be ready for the settlement conference. (*See* Doc. 50.) Counsel for Plaintiff said that the parties were waiting on wire testing results, but mediation would be effective assuming the parties received results beforehand. (*See id.* at 1.) Counsel did not raise discovery-related concerns at this status conference. (*Id.*)

On October 25, 2023, Ormond emailed Chambers and stated that the lab had not yet sent results from the wire testing. (*See* Doc. 54.) The parties asked the Court to reset the settlement conference and enter an order extending discovery deadlines a third time. (*See id.*) The Court found good cause to reopen discovery and extended deadlines another 90 days. (*Id.*) Under this most recent order, discovery ended January 22, 2024, discovery motions were due January 29, 2024, and pretrial motions were due February 5, 2024. (*Id.*) The Court reset the settlement conference to February 12, 2024. (Doc. 55.)

On November 22, 2023, Defendants supplemented their response to RFP No. 2 and provided names and titles of the employees who were on duty at the time of Plaintiff's visit to the Chipotle. (*See* Doc. 60-1 at 8.) Defendants did not, however, provide the employees' addresses or employee records as requested. (*See id.*)

On December 6, 2023, Piñon emailed Ormond to request the depositions of multiple employees identified in the supplemental disclosure. (*See* Doc. 60-2 at 2.) Ormond did not respond, and Piñon emailed again on December 18, 2023. (*See id.* at 1.) Ormond responded on December 19, 2023, and asked questions about availability, the expected time for each deposition, and

whether Piñon would agree to take depositions by Zoom and outside of business hours. (*See id.*) Piñon responded on January 4, 2024, and provided his availability to take the depositions in January; he did not answer Ormond's other questions. (*See* Doc. 63-2 at 19.) Ormond replied on January 9, 2024, and said she was working to coordinate the depositions. (*Id.*) Ormond emailed again on January 11, 2024, and provided availability for one witness (Wesley Taylor). (*Id.* at 18.) She explained that she was "having difficulty getting responses from the [other] witnesses" and warned Piñon that he "may need to consider subpoenas."[4] (*Id.*)

Plaintiff did not otherwise serve subpoenas or issue notices for the deposition of any other witness identified in the supplemental disclosure. (*See* Doc. 63 at 7.) Further, Ormond asserts that during a conversation with Piñon, she "offered Chipotle's Regional Field Manager as a deponent, . . . but Plaintiff declined to take his deposition." (Doc. 63-1 at 28.)

Plaintiff deposed Taylor on January 12, 2024. (*See* Doc. 60 at 2.) Plaintiff asserts that "Taylor identified contact information for the general manager who was employed with Defendants at the time of [Jeyaraman's] accident." (*See id.*) Taylor also "identified a drill with wire bristle attachment which was used to clean the chip fryer" and stated "that this tool was kept in the manager's office." (*Id.*; *see also* Doc. 60-3 at 2–3.)

Piñon did not file a motion to compel. He stated at the March 6 hearing that he knew the parties would be in front of the Court soon for the settlement conference, which was scheduled after discovery closed. (*See* Doc. 65 at 3.)

---

[4] At the March 6, 2024, hearing, in response to questioning from the Court, Ormond acknowledged that Piñon would be unable to subpoena individuals without the employees' contact information.

The parties did not reach a settlement at the February 12, 2024 settlement conference. (*See* Doc. 59.) The day after the settlement conference, Plaintiff filed an opposed motion to reopen discovery. (Doc. 64.) Plaintiff asks the Court to reopen discovery for 60 days to afford him time to depose three managers of the Chipotle location at issue in this lawsuit. (*See id.* at 2; Doc. 64 at 2.)

Plaintiff argues that Defendants previously "denied, in written discovery, use of any tools/devices with wire bristles." (Doc. 60 at 2.) Plaintiff references Defendants' answer and supplemental answer to Interrogatory No. 8. (*Id.* (citing Doc. 60-1 at 6).) In Interrogatory No. 8, Plaintiff asked Defendants to "describe in detail the tools . . . used to cook and handle the food on the date of this incident including but not limited to tools . . . used to clean the grills and cooktops . . . ." (Doc. 60-1 at 6.) Defendants initially objected to the interrogatory as compound, overbroad, and unduly burdensome. (*Id.*) In a supplemental answer, Defendants stated they although they did not know what specific tools were used on the date of the incident, "[g]rill brushes are not part of the standard supplies provided to Chipotle restaurants. Chipotle is working to determine if a grill brush was used in this restaurant and will supplement if any responsive information is identified." (*Id.* at 6–7.)

Plaintiff asserts that on January 12, 2024, he asked Defendants to allow him to inspect the drill and wire brush attachment referenced in Taylor's deposition. (*See* Doc. 60 at 2.) Piñon asserts that Ormond informed him they requested information about the tool and would share information when it was available. (*Id.*) Plaintiff states that Defendants have not offered any further information on the tool. (*See id.*)

Plaintiff states that although discovery had closed, Piñon discussed extending discovery with the Court during the scheduled ex parte pre-settlement phone call on February 8, 2024, and again at the February 12, 2024 settlement conference. (*Id.*) There is no evidence, however, to show that Piñon discussed this issue with Ormond at any point after Taylor's January 12, 2024 deposition.

## B.    Legal Standard

"Determining whether to reopen discovery requires striking a delicate balance between the interests of efficiency and accountability on the one hand, and a recognition of the importance of discovery for resolving cases on the merits on the other." *New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 429 F. Supp. 3d 996, 1005 (D.N.M. 2019) (quoting *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1284 (D.N.M. 2009)). Although the Court enjoys broad discretion in administering pretrial matters, scheduling orders "may be modified only for good cause and with the judge's consent." *Id.* at 1005–06 (quoting Fed. R. Civ. P. 16(b)(4)) (citing *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990)) (subsequent citation omitted). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* at 1006 (quotation omitted).

The Tenth Circuit has outlined several factors courts consider in deciding whether to reopen discovery, including:

> 1) [W]hether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). "This Court will not reopen discovery when the precipitating is a result of 'deliberate strategy.'" *Id.* at 1006–07 (quoting *Mann*, 615 F. Supp. 2d at 1287) ("declining to reopen discovery because the situation arose from deliberate strategy rather than 'mere inattention'")).

### C.     Analysis

The Court concludes that the *Smith* factors weigh against reopening discovery and will, therefore, deny Plaintiff's motion.

The first factor weighs in favor of Plaintiff, as trial is not "imminent." The Court set a jury trial to begin September 23, 2024, more than six months away. (Doc. 53.) The parties have likely not, therefore, started "to 'solidify' their trial plans, *e.g.*, [by] making witness travel arrangements, deciding how to present the evidence available, and [coordinating] attorney and paralegal work schedules." *See Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 441 (D.N.M. 2015).

The second factor cuts against Plaintiff, as Defendants oppose reopening discovery. The third factor weighs slightly against Plaintiff, as "Defendants have an interest—which would certainly be impaired if the Court reopened discovery—in the speedy disposition of this case." *See id.* Defendants will also expend money to attend any late-scheduled depositions. *See id.*

The fourth and fifth factors weigh heavily against Plaintiff. It is clear from the parties' Joint Status Report that Plaintiff intended to depose Chipotle employees. (*See* Doc. 15 at 5–6.) The parties had well over one year to conduct discovery, and Plaintiff waited until after discovery closed—and after three extensions—to take any firm action to depose the employees. Plaintiff knew as early as May 2023 that Defendants' responses to Plaintiff's discovery requests were

deficient, yet Plaintiff never reached out to the Court for an informal discovery conference or filed a motion to compel the witnesses' addresses.[5] Moreover, defense counsel warned Plaintiff in January 2024 that subpoenas may be necessary, but Plaintiff did not take action. (*See* Doc. 63-2 at 18.) In short, the Court finds that the need for these depositions was foreseeable since the inception of this lawsuit, and Plaintiff was not diligent in scheduling them.

The sixth factor does not weigh strongly in favor of either party. Although Plaintiff argues that the depositions would lead to relevant information, Defendant argues that the testimony would likely be only cumulative.

The Court concludes that, on balance, the *Smith* factors weigh against reopening discovery. Given that Plaintiff has had more than 15 months to depose the employees, the Court finds that Plaintiff has not made diligent efforts to complete the requested discovery. Moreover, because Plaintiff knew for almost the entire 15 months that Defendants' discovery responses were deficient (*e.g.*, that Defendants failed to provide the employees' phone numbers and addresses), Plaintiff fails to show good cause for the delay in seeking the depositions. For these reasons, the Court will deny the motion.

The Court notes, however, Defendants' continuing obligation to supplement discovery responses under Federal Rule of Civil Procedure 26(e)(1)(A). Defendants previously denied the use of tools or devices with wire bristles, a denial that is at odds with Taylor's deposition testimony. (*See* Docs. 60 at 2; 60-1 at 6.) Defendants shall follow up on this discovery request and

---

[5] The Court emphasizes to defense counsel that despite Plaintiff's inaction, the discovery responses at issue here were deficient. Indeed, had Plaintiff filed a timely motion to compel, the Court would have ordered disclosure of those portions of documents in Defendants' possession that contained contact information for the individuals working at the particular Chipotle on the day and time Plaintiff purchased food that he alleges is the cause of his injury.

share information and allow inspection, if possible, of the tool referenced in Taylor's deposition. (*See* Doc. 60 at 2.)

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion Requesting a Limited Reopening of the Discovery Deadline (Doc. 60) is **DENIED**.

_____

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE